FARMERS HANDY WAGON COMPANY v. PETER ASKEGAARD.[1]

June 6, 1919.

No. 21,232.

**Evidence — testimony of oral agreement admissible.**

    1. Testimony of an oral agreement was properly received over the objection that the agreement was merged in the contract evidenced by subsequent correspondence between the parties, for the correspondence

[1] Reported in 172 N. W. 881.

did not purport to be a contract, and contained merely admissions as to the terms of the oral agreement.

**Verdict sustained by evidence.**

2. Under the issues and the law as submitted to the jury, and to which no exception was or is taken, the verdict finds sufficient support in the evidence.

Action in the district court for Clay county to recover $257.50 for merchandise sold and delivered. The facts are given in the first paragraph of the opinion. The case was tried before Nye, J., and a jury which returned a verdict for $32.64 in favor of defendant. From an order, Parsons, J., denying its motion to set aside the verdict and for a new trial, plaintiff appealed. Affirmed.

*Edgar E. Sharp,* for appellant.
*Christian G. Dosland,* for respondent.

Holt, J.

Plaintiff sued to recover $257.50 for silo material sold and delivered to defendant in the fall of 1912. The defense was that the purchase was made upon the condition that plaintiff was to pay half the freight upon the material, and that plaintiff was to provide the services of a man to erect the silo, for which defendant was to pay at the rate of three dollars per day and board and lodging, and that plaintiff had failed to perform its agreement in that respect, and hence the action was prematurely brought. The reply was a general denial. The jury returned a verdict for defendant for $32.64, pursuant to a stipulation that if they did not find for plaintiff they should award defendant the full amount of the freight paid by him. Plaintiff appeals.

We think no errors occurred in the rulings during the trial. Defendant maintained that, as a part of and as an inducement to enter the written order or contract to purchase the material, there was an oral agreement made that plaintiff was to furnish a man to erect the silo. Plaintiff's counsel objected to testimony establishing this oral agreement, on the ground that it tended to vary the terms of the written instrument, and stating: "Plaintiff doesn't question the fact that an agreement was made, but our point is that the agreement as actually presented to the

company is expressed in the correspondence here and is controlling." In other words, it was claimed that the oral agreement merged in the correspondence, so that no testimony of its terms as orally expressed was competent. The letters simply contain admissions as to the provisions of the oral contract and do not purport to be the contract itself. The real contract existed as made, the same as if the letters had not passed between the parties, and, of course, its terms could be testified to, unless the fact that there was a written order for the purchase of the silo material prevented its admission. We think it did not, for the one agreement relates to the purchase of the material for a silo, and the other to the construction thereof. But, aside from that, there is really no variance between the correspondence and the oral contract testified to by defendant.

No error is assigned upon the charge to the jury, and the only other matter open to appellant is the claim that the verdict is not supported by the evidence and is contrary to law.

Had the evidence stopped with the refusal of the man, sent out by plaintiff to erect the silo, to go ahead with the work, no one could have questioned the sufficiency of the support. The man sent out did not propose to do any of the work, but merely to superintend. That he misunderstood the terms of the contract or plaintiff's instructions appears from the subsequent correspondence. In that situation plaintiff could not sue until it sent a man to erect the silo, or until it had made an offer so to do which had been rejected, or until it was made to appear that an offer would be futile. No person was sent to defendant by plaintiff after the return of the one who refused to do any part of the work. The subsequent letters between the parties show a disposition to be fair; plaintiff recognizing that it was its obligation to furnish a man competent to direct and assist in the erection of the silo including the foundation for the same. Defendant admitted his duty to pay when this was done, for he promised to pay at once if plaintiff would guarantee to send the man when he called for him. And, when plaintiff asserted that its business reputation was sufficient without a guaranty, defendant accepted even that and sent a check for the full purchase price. This was returned immediately by plaintiff, upon the erroneous supposition that defendant had no right to deduct one-half the freight he had paid. This was early in December. At that time of the year a cement foundation

could not be constructed except at extraordinary cost. Defendant did not then ask to have a man sent up, and there appears no answer to the letter returning the check. Plaintiff made no further effort to offer to furnish a competent person to erect the silo, but left the matter in the hands of the attorneys who in April following issued summons and complaint which were served.

These facts justify a finding that plaintiff failed to carry out its agreement, and had made no proper offer to carry it out so as to place defendant in default before suit. That finding was decisive of the lawsuit, for this instruction to the jury was not challenged by the motion for new trial, nor is it here, viz.:

"If the plaintiff here has furnished that silo and has done as it agreed to do, or if it offered to perform as it agreed to perform its part of the contract, then the defendant would be obliged to receive this silo and pay for it at the price claimed. If, on the other hand, the plaintiff failed or refused to carry out its part of the agreement, either in the matter of sending a man there to construct that silo, or in the man's failure to perform what he should have performed there under the contract, and thereby defendant refused to accept the silo because of the nonperformance of the plaintiff of its part of the agreement, then the defendant would not be required under this action to pay for the silo."

That defendant, after a dispute had arisen, was willing to pay and accept plaintiff's promise to fulfil its agreement in the future, should not conclude defendant, there being no evidence that the parties ever came to an understanding as to when the silo should be erected. Defendant contemplated its erection in the fall of 1912, at a time when the work could be done advantageously and he could store that season's fodder crop in it. Plaintiff proposes that it be done in midwinter, when clearly it would be more difficult and expensive. Before terms were agreed on, and, so far as this record goes, before any definite offer was made to erect the silo as agreed, suit was brought: The written contract reserved title to the silo material in plaintiff until full payment of the purchase price, and, under the instruction of the court above set out and accepted by the parties as correct, defendant was not in default of payment until plaintiff performed in respect to the construction of the silo. Under the accepted

law of the case, we think the verdict is sustained by the evidence.

Order affirmed.

HALLAM, J. (dissenting).

I dissent: The final understanding of the parties is embodied in the final correspondence. On November 30, 1912, in response to a letter inclosing statement of account defendant wrote plaintiff asking plaintiff to send a "guarantee" that the silo parts shipped were complete and also that "you will send a man to put up the silo if I should call for one." On December 2 plaintiff wrote declining to give any "guarantee" that the silo parts were complete, but said "when you are ready for a man, let us know and we will furnish one just as agreed upon." In answer to this, defendant sent his check for the amount due as shown by plaintiff's statement rendered, and thereby gave assent to the terms of plaintiff's letter. The check was returned for a correction, which plaintiff erroneously supposed was proper to be made. Both parties at this time considered payment due, and it was. The contract provided for payment on receipt of the material. The furnishing of a man to put up the silo was a condition subsequent to be performed by plaintiff only in the event defendant "should call for one." Defendant never called for one. He was obliged to do so if at all within a reasonable time. This action was not commenced until August 23, 1913. This surely allowed a reasonable time. I am unable to see wherein plaintiff failed in performance of its agreement and in my opinion plaintiff should recover.